UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VRH, | Case No.: 1:25-cv-01385-JLT-CDB |
| Plaintiff, | **ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO RESPOND TO THE FIRST SCREENING ORDER** |
| v. | |
| J. ZAMORA, et al., | |
| Defendants. | **14-DAY RESPONSE DEADLINE** |

Plaintiff Aaron Vrh is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.    INTRODUCTION

Following removal from the Kings County Superior Court, on January 27, 2026, this Court issued its First Screening Order. (Doc. 10.) The Court found Plaintiff's operative second amended failed to state a claim upon which relief could be granted. (*Id*. at 4-16.) As a result, Plaintiff was ordered to file a third amended complaint, or, alternatively, to file a notice of voluntary dismissal, within 21 days. (*Id*. at 16-17.)

Despite the passage of more than 21 days, plus time for mailing, Plaintiff has failed to respond to the Court's screening order in any way.

//

## II.    DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In the screening order, the Court found Plaintiff's operative complaint fails to state a cognizable claim against any named defendant. Therefore, Plaintiff was directed to file a third amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal, within 21 days. More than 21 days, plus time for mailing, have passed, yet Plaintiff has failed to take any action.

## III.    CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's screening order. Alternatively, within that same time, Plaintiff may file either a third amended complaint or a notice of voluntary dismissal.

//

//

//

//

//

2

**Any failure by Plaintiff to comply with this Order to Show Cause will result in a recommendation that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:    **February 24, 2026**

UNITED STATES MAGISTRATE JUDGE