UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VRH, | Case No.: 1:25-cv-01385-JLT-CDB |
| Plaintiff, | **ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED MARCH 30, 2026** |
| v. | |
| J. ZAMORA, et al., | **ORDER PERMITTING PLAINTIFF TO FILE A FOURTH AMENDED COMPLAINT** |
| Defendants. | **30-Day Deadline** |

Plaintiff Aaron Vrh is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    RELEVANT BACKGROUND

The Court issued its First Screening Order on January 27, 2026. (Doc. 10.) The Court found Plaintiff's operative second amended failed to state a claim upon which relief could be granted. (*Id*. at 4-16.) As a result, Plaintiff was ordered to file a third amended complaint, or, alternatively, to file a notice of voluntary dismissal, within 21 days. (*Id*. at 16-17.)

On February 24, 2026, when Plaintiff failed to file a third amended complaint or voluntary dismissal, the Court issued its Order to Show Cause (OSC) in Writing Why This Action Should Not Be Dismissed for Plaintiff's Failure to Respond to the First Screening Order. (Doc. 11.) Plaintiff was to respond within 14 days. (*Id*. at 2-3.)

On March 6, 2026, Plaintiff filed a third amended complaint. (Doc. 12.)

On March 30, 2026, the Court issued Findings and Recommendations to Dismiss, Without Leave to Amend, For A Failure To State A Claim Upon Which Relief Can Be Granted Following Screening Of Plaintiff's Third Amended Complaint. (Doc. 16.) Plaintiff was advised that any objections were to be filed within 14 days. (*Id*. at 15.)

On April 13, 2026, Plaintiff filed objections to the Court's Findings and Recommendations. (Doc. 17.)

## II.      DISCUSSION

Briefly stated, in his objections, Plaintiff contends: (1) he rushed to meet the deadline imposed for filing a third amended complaint and "forgot to add defendants who ignored safety concerns"; (2) he "did not reference J. Zamora because she can no longer be of any assistance if an injunctive order is granted" (3) he included Jeffrey Macomber "as he is the agent for service if an injunction were granted …"; (4) the California Department of Corrections and Rehabilitation "can be listed as a defendant" pursuant to Ninth Circuit authority concerning the Prison Rape Elimination Act; (5) he is seeking injunctive relief rather than money damages; (6) he "did not list Cory Martinek and Does 1-8 because it is not their fault they did not have the investigation or a report of the sexual assault to [consider]" at the classification hearing; and (7) because he is "not [suing] for monetary damages" he is not required to comply with the California Government Claims Act. Plaintiff asks the Court to "allow leave to amend" because he "made some [hasty] mistakes in a rush."

Considering the foregoing and the Ninth Circuit Court of Appeals' directive that pro se filings should be liberally construed, the Court will vacate its March 30, 2026, findings and recommendations and will permit Plaintiff to file a fourth, amended complaint. Any fourth amended complaint will be also subject to screening. *See* 28 U.S.C. § 1915A(a). Plaintiff should carefully draft any fourth amended complaint considering the Court's prior screening orders where applicable. Plaintiff has been provided potentially applicable legal standards in those screening orders (*see, e.g.*, Doc. 10 at 8 & Doc. 16 at 9-10, 12) and must ensure sufficient facts are alleged, as to each named defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gibson v.*

*City of Portland*, 165 F.4th, 1265, 1287 (9th Cir. 2026) (a "complaint may be deficient because it does not provide sufficient facts to support a cause of action").

Only those individuals Plaintiff alleges have violated his constitutional rights should be named as defendants in the action. Plaintiff may reference other individuals to provide context for his claims, but if those individuals did not take an action to violate his constitutional rights, they should *not* be named as defendants. Plaintiff may not change the nature of this suit by adding new, unrelated claims in any fourth amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is reminded that an amended complaint supersedes the original complaint and any amended complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any fourth amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Lastly, should Plaintiff require more time to submit a carefully drafted fourth amended complaint, he should seek an extension of time prior to the expiration of the 30-day deadline adopted herein. In any request for an extension of time, Plaintiff must show good cause for such an extension by explaining why additional time is needed and what progress he has made to that point.

Should Plaintiff fail to file a timely fourth amended complaint, the undersigned will issue findings and recommendations to dismiss this action for a failure to state a claim, failure to obey court orders, and failure to prosecute.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The Findings and Recommendations issued March 30, 2026, are **VACATED**;

2. Plaintiff **SHALL** file a fourth amended complaint, curing the deficiencies identified in the Court's previous screening orders, **no later than 30 days** from the date of service of this order; and

//

//

//

//

3

3. **Any failure by Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed for a failure to state a claim, failure to obey court orders, and failure to prosecute**.

IT IS SO ORDERED.

Dated: __**April 15, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE

4